**Inderjit Singh JOSHAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73527.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.[*]

Filed March 2, 2012.

Pardeep S. Grewal, Esquire, Law Offices of Pardeep S. Grewal, Castro Valley, CA, for Petitioner.

OIL, Joanna L. Watson, Trial, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel ICE,

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Inderjit Singh Joshan, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

■■■ Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Joshan's testimony and his Canadian asylum application with regard to whether he was hospitalized after his arrests, and whether suspected militant Tari was armed when he came to Joshan's home. *See Goel v. Gonzales,* 490 F.3d 735, 739 (9th Cir.2007) (per curiam) (inconsistencies between testimony and documentary evidence support an adverse credibility finding where the inconsistencies go to the heart of the claim). Further, the agency reasonably rejected Joshan's explanations for the inconsistencies. *See Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir.2007). We decline to reach Joshan's unexhausted

claim that he is eligible for humanitarian asylum. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). In the absence of credible testimony, Joshan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

■■ Because Joshan's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence that shows it is more likely than not that he will be tortured if returned to India, substantial evidence also supports the denial of CAT relief. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).